# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES KEITH WAMPLER,

        Petitioner,    :    Case No. 3:22-cv-174

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action was brought *pro se* by Petitioner Charles Keith Wampler under 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated murder, rape, abduction, and abuse of a corpse and consequent sentence.  It is pending for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 9).  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

**Litigation History**

Petitioner was indicted by a Montgomery County grand jury on February 6, 1982[1], and charged with one count of aggravated murder in violation of Ohio Revised Code § 2903.01(B) (Count 1), two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1) (Counts 2-3), one count of abuse of a corpse in violation of Ohio Revised Code § 2927.01(B) (Count 4), and one count of abduction in violation of Ohio Revised Code § 2905.02(A)(2) (Count 5). A jury convicted Petitioner of aggravated murder[2], one count of rape, one count of abduction, and one count of abuse of a corpse. The trial judge merged the abduction and rape convictions and sentenced Petitioner to a term of life imprisonment plus additional consecutive years for the other convictions.

Petitioner appealed to the Ohio Second District Court of Appeals which affirmed. *State v. Wampler,* Case No. CA-7965, 1983 Ohio App. LEXIS 12179 (Nov. 10, 1983). The Supreme Court of Ohio declined to exercise jurisdiction over a further appeal, finding the case presented no substantial constitutional question. *Id.* at Ex. 17.

On December 20, 2021, Petitioner filed *pro se* an Application to Reopen his direct appeal under Ohio R. App. P. 26(B), claiming ineffective assistance of appellate counsel. *Id.* at Ex. 25. The Second District rejected the Application, finding that it was filed thirty-eight years after judgment, whereas Rule 26(B) set a ninety-day limit and Petitioner had not shown good cause for the late filing. *Id.* at PageID 499. Wampler appealed, but the Supreme Court of Ohio declined to exercise jurisdiction. *Id.* at Ex. 31.

Wampler filed his Petition for Writ of Habeas Corpus by depositing it in the prison mail system on June 16, 2022. He pleads the following grounds for relief:

---

[1] The Return of Writ refers to the Erie County Grand Jury, but this has been a Montgomery County case from the beginning.
[2] The Return of Writ refers to a conviction for attempted murder, but this is an error.

2

**GROUND ONE: Prosecutorial Misconduct:** Prosecutors violated petitioner's 5th., 8th., 13th., and 14th. Amendment rights by introducing facts not in evidence to inflame, and confuse, the jury into delivering an unjust verdict.

**GROUND TWO: Prosecutorial Misconduct:** Prosecutors violated petitioner's 5th., 8th., 13th., and 14th. Amendment rights by introducing inflammatory, and misleading, statements which infected the entire proceeding.

**GROUND THREE: Prosecutorial Misconduct:** Prosecutors violated petitioner's 5th., 8th., 13th., and 14th. Amendment rights by introducing perjured testimony to obtain an unjust conviction.

**GROUND FOUR: Prosecutorial Misconduct:** Prosecutors violated petitioner's 5th., 8th., 13th., and 14th. Amendment rights by withholding exculpatory evidence from the defense.

**GROUND FIVE: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when counsel failed to point out, to the jury, that there was no evidence of rape.

**GROUND SIX: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when counsel failed to ask pertinent questions of Coroner.

**GROUND SEVEN: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to object to Coroner's blood alcohol testimony.

**GROUND EIGHT: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to challenge the flaws in Joey Shipman's testimony.

**GROUND NINE: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to object to the many inflammatory/misleading statements made by prosecutors.

**GROUND TEN: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to subpoena Michael Johnson.

3

>**GROUND ELEVEN: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to interview or subpoena Jack Joyce.
>
>**GROUND TWELVE: Ineffective Assistance of Trial Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when defense counsel failed to call a single expert witness or present any serious defense.
>
>**GROUND THIRTEEN: Trial Court Erred:** Petitioner's 5th., 8th., 13th., and 14th. Amendment rights were violated when the trial court allowed petitioner's conviction to stand when there was insufficient evidence to support the conviction.
>
>**GROUND FOURTEEN: Ineffective Assistance of Appellate Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when appellate counsel failed to even meet with petitioner.
>
>**GROUND FIFTEEN: Ineffective Assistance of Appellate Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when appellate counsel failed to raise the issue that trial counsel had been prevented from raising Michael Johnson as a suspect.
>
>**GROUND SIXTEEN: Ineffective Assistance of Appellate Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when appellate counsel failed to thoroughly investigate the facts of the case.
>
>**GROUND SEVENTEEN: Ineffective Assistance of Appellate Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when appellate counsel failed to raise Prosecutorial Misconduct.
>
>**GROUND EIGHTEEN: Ineffective Assistance of Appellate Counsel:** Petitioner's 5th., 6th., and 14th. Amendment rights were violated when appellate counsel failed to raise Ineffective Assistance of Trial Counsel.

(Petition, ECF No. 1, PageID 6-40).

# Analysis

**Statute of Limitations**

In 1996 Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a statute of limitations for habeas corpus cases for the first time. It is codified at 28 U.S.C. § 2244(d).  For persons such as Petitioner who were convicted before April 24, 1996, the statute began to run on that date and expired one year later on April 24, 1997.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Ordinarily that would bar merits consideration of the Petition.

However, as Respondent concedes, Judge Mary Wiseman, who has succeeded Judge John Webster Kessler as trial judge in this case, has granted Petitioner's Motion for Resentencing (Decision and Entry, State Court Record, ECF No. 6, Ex. 35).  On November 10, 2022, Judge Wiseman set a hearing on re-sentencing for March 31, 2023 (Docket in 1982 CR 764, available at http://pro.mcohio.org, visited 03/05/2023 at 10:55 a.m.).  Unless she decides after hearing not to amend the sentence, that hearing will result in a new judgment under which Petitioner will be confined[3].

Respondent concedes both that this new judgment will re-set the statute of limitations and means the petitioner can challenge both his new sentence and his underlying conviction (Return, ECF No. 7, PageID 570, citing *King v. Morgan*, 807 F.3d 154, 156, 158 (6th Cir. 2015), and *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020)).  What neither Respondent nor Petitioner in his Reply discusses is the impact of having a new judgment will have on the finality of his state court proceeding. The undersigned believes Ohio law will make the new or amended judgment a new final appealable order, but whether Petitioner or the State will choose to appeal or what assignments of error will be

---

[3] If Petitioner is sentenced to time served, the Court will face a mootness question which need not be addressed at this time.

raised are purely speculative. To allow the state courts to decide these matters first is one of the reasons for the exhaustion doctrine.

At the very least, habeas corpus is a post-judgment remedy and Judge Wiseman's decision has upset the finality of the judgment under which Petitioner is confined. Whether the same issues now raised will persist with the new judgment is unknown.

A possible resolution of this difficulty would be staying these proceedings until the new Ohio judgment becomes final. *Rhines v. Weber*, 544 U.S. 269 (2005). *Rhines* was adopted by the Supreme Court to respect the exhaustion doctrine while still enforcing the new restriction on second or successive petitions enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). But a cleaner way of achieving the same result is dismissal of the pending case without prejudice. That will have the advantage of removing a case which has become stale because of the impeding new judgment while not depriving Petitioner of any arguments he may have against the validity of the original judgment.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends the Petition herein be dismissed without prejudice to re-filing when the impending new judgment under which Petitioner will be confined becomes final.

March 5, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

6

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
