IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES KEITH WAMPLER,

        Petitioner,     :    Case No. 3:22-cv-174

  - vs -                          District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution

                                  :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action was brought *pro se* by Petitioner Charles Keith Wampler under 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Court of Common Pleas on charges of aggravated murder, rape, abduction, and abuse of a corpse and consequent sentence.

On March 6, 2023, the undersigned recommended the Petition be dismissed without prejudice because it was directed to a judgment whose finality had been disrupted by a grant of resentencing by Montgomery County Common Pleas Judge Mary Wiseman (Report, ECF No. 11). Petitioner filed lengthy Objections (ECF No. 13), but District Judge Rose overruled the Objections and adopted the recommendation to dismiss without prejudice (ECF No. 14). Petitioner has appealed (6th Cir. Case No. 23-3382).

The Report did not include a recommendation on issuance of a certificate of appealability and no ruling on that question is made in the judgment. This omission has been called to the

Court's attention by the Sixth Circuit. Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Although this Court did not reach the merits of Petitioner's claims and could not because of the exhaustion doctrine, Petitioner obviously regards the decision as adverse. Therefore the Court should file an amended judgment dealing with the certificate of appealability issue.

A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. 28 U.S.C. § 2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (2) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or

that they warrant encouragement to proceed further. *Banks v. Dretke,* 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.

*Moody v. United States*, 958 F.3d 485 (6th Cir. 2020).

> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020).

Neither party briefed the question of appealability, so the Court must decide the question on the basis of filings already made. As noted in the original Report, Judge Wiseman had granted a motion for resentencing in the underlying case and set a hearing for March 31, 2023. Judge Wiseman's chambers advises today that the hearing has been re-set for July 1, 2023, so there is not as yet an amended judgment in that case. As the undersigned wrote in the original Report:

> Unless [Judge Wiseman] decides after hearing not to amend the sentence, that hearing will result in a new judgment under which Petitioner will be confined[1].
>
> Respondent concedes both that this new judgment will re-set the statute of limitations and means the petitioner can challenge both his new sentence and his underlying conviction (Return, ECF No. 7, PageID 570, citing *King v. Morgan*, 807 F.3d 154, 156, 158 (6th Cir. 2015), and *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020)). What neither Respondent nor Petitioner in his Reply discusses is the impact of having a new judgment will have on the finality of his state court proceeding. The undersigned believes Ohio law will make the new or amended judgment a new final appealable order, but whether Petitioner or the State will choose to appeal or what assignments of error will be raised are purely speculative. To allow the state courts to decide these matters first is one of the reasons for the exhaustion doctrine.

(Report, ECF No. 11, PageID 1792).

Faced with the probability of a new final appealable judgment in the Common Pleas Court, this Court was faced with two possible choices. It could enter a stay pending exhaustion under *Rhines v. Weber*, 544 U.S. 269 (2005), or it could dismiss without prejudice. A stay would have had the disadvantage of allowing a case to remain open on our docket for an indefinite period of time with mootness possible if Judge Wiseman decides not to amend.[2] Dismissal without prejudice has the advantage of clearing our docket and allowing the Ohio courts to address first Petitioner's constitutional claims directed at a new judgment. We did not have discretion to ignore the exhaustion doctrine. The exhaustion requirement is not jurisdictional. *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). However, it is mandatory and must be addressed by the district court in all prisoner cases before the merits are addressed. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir. 1998).

---

[1] If Petitioner is sentenced to time served, the Court will face a mootness question which need not be addressed at this time.
[2] Without a new judgment, Wampler's habeas corpus case would be barred by the statute of limitations.

4

Given that state of the law and the status of Petitioner's case in the Common Pleas Court, this Court's choice of dismissal without prejudice is not one with which reasonable jurists would disagree. It is therefore recommended that Petitioner be denied a certificate of appealability.

June 27, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

                                              s/ *Michael R. Merz*
                                         United States Magistrate Judge