# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHARLES KEITH WAMPLER,

        Petitioner,    :    Case No. 3:22-cv-174

  - vs -                              District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution

                                        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 20), to the Magistrate Judge's Report and Recommendations recommending that an amended judgment be entered denying a certificate of appealability (ECF No. 19).  District Judge Rose has recommitted the certificate of appealability question for reconsideration in light of the Objections (ECF No. 21).

      This Court entered judgment dismissing the Petition without prejudice on April 14, 2023 (ECF No. 15).  Petitioner then filed a timely Notice of Appeal (ECF No. 16) on April 25, 2023. Filing such a notice immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals.  It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P.  60(a) or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court

of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46; *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

The currently pending Report resulted from an inquiry from the Sixth Circuit. That Court does not proceed to consider an appeal in a habeas case until the District Court has ruled on a certificate of appealability which this Court did not do in its final judgment. Thus the circuit court's request was for an order "in aid of the appeal" and the only question before this Court is whether to issue or deny a certificate of appealability.

Petitioner's Objections seem to assume that the whole case is back before this Court. Thus he asks that this Court proceed to decide his case on the merits and offers lengthy citations to the actual innocence doctrine to excuse any procedural deficiency (Objections, ECF No. 20, PageID 1842 *et seq*.). He then spends five pages detailing the alleged errors that would be involved in dismissing the case.

The flaw in this argument is that the Court has already dismissed the case. Whether it was error to do so is now in the hands of the Sixth Circuit. The Magistrate Judge remains persuaded that dismissal without prejudice (i.e. without decision on the merits) remains the best course. Petitioner has presented no opinions from reasonable jurists showing disagreement on this point. A certificate of appealability should therefore be denied.

July 12, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge
